DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELCIN SIBRUN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1629

[January 18, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Jr., Judge; L.T. Case No. 432018CF000490A.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

**ON REMAND FROM THE FLORIDA SUPREME COURT**

PER CURIAM.

This case is before the court on remand from the Florida Supreme Court. *See State v. Sibrun*, 47 Fla. L. Weekly S131 (Fla. May 13, 2022). The Florida Supreme Court quashed our opinion, *Sibrun v. State*, 308 So. 3d 996 (Fla. 4th DCA 2020) and remanded the case "for reconsideration in light of [the Florida Supreme Court's] decision in *Davis v. State*, 332 So. 3d 970 (Fla. 2021)." *Sibrun*, 47 Fla. L. Weekly S131.

In our original opinion, we wrote:

> Elcin Sibrun appeals his convictions and sentences for one count of lewd or lascivious battery on a person older than twelve years old but less than sixteen years old and seven counts of electronic transmission of material harmful to a minor. Sibrun raises five issues on appeal and, except for one, we affirm without comment.

    For the fifth issue, Sibrun argues that the circuit court erred when it considered his lack of remorse in sentencing him. At sentencing, the court stated that based on Sibrun's testimony, the presentence investigation report, and letters from supporters, Sibrun had "not accepted any responsibility" or shown "any type of remorse or acceptance of guilt," which "matter[ed]" to the court.

*Sibrun*, 308 So. 3d at 996. Bound by our prior precedent, we explained that "a court cannot consider a defendant's 'protestations of innocence and failure to show remorse in determining what sentence to impose.'" *Id.* (quoting *Donaldson v. State*, 16 So. 3d 314, 314 (Fla. 4th DCA 2009)). Additionally, our prior precedent "held that 're-sentencing is required even if a defendant's refusal to admit guilt was but one of several factors considered by the court in imposing sentence.'" *Id.* at 997 (quoting *James v. State*, 264 So. 2d 1014, 1017 (Fla. 3d DCA 2017)). But we also certified the issue to the Florida Supreme Court.

The Florida Supreme Court has now addressed the issue, *see Davis*, 332 So. 3d at 970, and we are no longer bound by the prior precedent which we cited in our original opinion. In a non-capital case, "the statutory scheme . . . does not foreclose consideration in sentencing of the defendant's failure to accept responsibility." *Id.* at 975.

In our original opinion, we wrote that "Sibrun raises five issues on appeal and, except for one, we affirm without comment." With the benefit of the Florida Supreme Court's opinion in *Davis*, we affirm the circuit court on all five issues raised on appeal.

*Affirmed.*

GERBER, LEVINE and KUNTZ, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

2